[No. 3,530.]

# W. B. COX *v.* JOSHUA A. JONES, AND JOHN M. ALLEN.

APPROVAL OF SURVEY OF SWAMP AND OVERFLOWED LAND.—The Surveyor-General of this State, since the passage of the Act of April 4th, 1870, supplementary to the Act of 1868, for the sale of State lands, has had no authority to approve of a survey of land as swamp and overflowed, nor to refer a contest between applicants for the purchase of such lands to the District Court for trial, until six months after the land has been segregated as swamp and overflowed by authority of the United States or of this State by legislative enactment.

CONTEST FOR THE PURCHASE OF SWAMP LAND.—In a contest in the District Court concerning the right to purchase swamp and overflowed land, a judgment that neither of the parties is entitled to purchase the land in contest or any part thereof, is equivalent in its effect to a dismissal of the action.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The plaintiff Cox, on the 20th of August, 1870, made an application to purchase, as swamp and overflowed, among other lands, the W $\frac{1}{2}$ of the E $\frac{1}{2}$ and the fractional West half of Sec. 20, and the fractional E $\frac{1}{2}$ of the E $\frac{1}{2}$ of Sec. 19, T. 19, N. R. 1 West, Mount Diablo Meridian, Colusa County. Defendant Allen, on the 13th of August, 1870, applied to purchase a part of the same land. On the 26th of September, 1870, defendant Jones applied to purchase, among other lands, the remainder of the same land. The Surveyor-General referred the contest to the District Court of Colusa county for a decision. This reference was made under the 17th section of the State Act of March 28th, 1868, for the management and sale of lands belonging to the State. The plaintiff appealed.

The other facts are stated in the opinion.

*Ashford & Reardan*, for Appellant.

*Vanclief & McCann*, for Respondent.

By the Court, NILES, J.:

All the applications to purchase the lands in controversy as swamp and overflowed lands were made after the passage of the Act supplementary to the Act of 1868, to provide for the management and sale of the lands belonging to this State.  The supplemental Act was passed and took effect on the fourth of April, 1870 (Statutes 1869–70, p. 878.)  The second section of the Act provides that the Surveyor-General of the State shall not approve the survey of any swamp and overflowed land sought to be purchased, "until six months after the same shall have been segregated by authority of the United States, or of the State, by legislative enactment."  The Court found, and the fact is admitted by the pleadings, that the plat of the survey of the township, including the lands in contest, was filed in the United States Land Office at Marysville on the twenty-third of March, 1871; but it is not found, nor is it even alleged in the pleadings of either of the parties, that the lands in contest had been segregated as swamp and overflowed lands, either by the United States or this State; and there is nothing in the case from which that fact may be inferred.  It does not appear that on the plat of the survey the lands in controversy were designated as swamp and overflowed lands.  As the lands had not been segregated as swamp and overflowed lands, the Surveyor-General had no authority to approve either of the surveys made for the respective applicants by the County Surveyor; and, for the same reason, it was irregular and improper for him to refer the contest between the applicants to the District Court for determination.  The judgment rendered in the cause, that neither of the parties is entitled to purchase the lands in contest, or any part thereof, is equivalent in its effects to a dismissal of the action, and that was the proper disposition of the case.

Judgment affirmed.